1  KILPATRICK TOWNSEND & STOCKTON LLP
2  NANCY L. STAGG (State Bar No. 157034)
   nstagg@kilpatricktownsend.com
3  12730 High Bluff Drive, Suite 400
   San Diego, CA  92130
4  Telephone:  858 350 6156
   Facsimile:  858 350 6111

5  Attorney for Defendant
   US FOODS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIT'L PEPPER GOURMET, INC., INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> US FOODS, INC., <br><br> Defendant. | Case No. **'17CV2080 BAS JLB** <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANT US FOODS, INC.** <br><br> CLASS ACTION <br><br> [San Diego County Superior Court Case No. 37-2017-00032367-CU-BT-CTL] |

**TO THE CLERK OF THE COURT, THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR COUNSEL:**

Defendant US Foods, Inc. ("US Foods" or "Defendant"), hereby removes this action from the Superior Court of the State of California for the County of San Diego, Central Division, to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1441(a), 1446, and 1453, on the ground that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.  In support thereof, Defendant states the following:

1. On August 31, 2017, Plaintiff Lit'l Pepper Gourmet, Inc. ("Plaintiff")

filed a putative class action in the Superior Court of the State of California, San Diego County, Central Division, entitled *Lit'l Pepper Gourmet, Inc. v. US Foods, Inc.*, Case No. 37-2017-000323367-CU-BT-CTL (the "State Court Action"). The State Court Action names US Foods as the sole defendant.

2. In the State Court Action, Plaintiff alleges claims for (1) violation of California Bus. & Prof. Code § 17200, *et seq.*, for Unlawful, Unfair and Fraudulent Practices ("UCL"); (2) violation of California Bus. & Prof. Code § 17500, *et seq.*, for Unfair, Deceptive and Misleading Advertising ("FAL"); and (3) "Quasi-Contract" or "Restitution." Compl. ¶¶ 25-44. Plaintiff alleges that US Foods made or engaged in deceptive and unfair "representations, omissions and practices" in charging a "Fuel Surcharge" to its California customers. *Id.* ¶¶ 1-2.

3. Plaintiff served Defendant's agent for service of process, CT Corporation System, on September 7, 2017.

4. Defendant timely files this Notice of Removal within the thirty-day period provided under 28 U.S.C. § 1446(b).

5. Defendant attaches to this Notice of Removal all pleadings, process, orders, and other filings served on Defendant in the State Court Action, as required by 28 U.S.C. § 1446(a). A copy of the Complaint is attached as Exhibit A; a copy of the Summons is attached as Exhibit B; a copy of the Proof of Service of Summons is attached as Exhibit C; a copy of the Civil Cover Sheet is attached as Exhibit D; a copy of the Notice of Case Assignment and Case Management Conference is attached as Exhibit E; a copy of the Notice of Eligibility to efile and Assignment to Imaging Department is attached as Exhibit F; a copy of the Superior Court of California, County of San Diego Alternative Dispute Resolution (ADR) Information Package is attached as Exhibit G; and a copy of the ADR Stipulation (blank) is attached as Exhibit H.

6. Promptly after filing the Notice of Removal, written notice will be given to Plaintiff and to the Clerk of Court for the Superior Court of the State of

California, San Diego County, as required by 28 U.S.C. § 1446(d).

7. This case is properly removed to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441(a), and 1453. The San Diego County Superior Court where this action was originally filed is located within the jurisdiction of this District Court.

8. Removal is proper under 28 U.S.C. §§ 1332 (d) and 1453 because this case alleges: (a) a class action; (b) with a proposed class containing 100 or more members in the aggregate; (c) in which Plaintiff is a citizen of a state that is different from US Foods; and (d) the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

**A.     Citizenship of the Parties**

9. According to the Complaint, Plaintiff is a California Corporation located in San Diego, California. Compl. ¶ 6.

10. The Complaint seeks relief on behalf of the following putative class:
> All entities who reside in California who paid US Foods a "Fuel Surcharge" from four years before the filing of this action to the date of class certification.

Compl. ¶ 9.

11. Defendant US Foods is a Delaware Corporation with its principal place of business in Rosemont, Illinois. Compl. ¶ 7.

12. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

13. Here, Plaintiff alleges that it is a citizen of California and that the members of the proposed putative class reside in California. Defendant is a citizen of Delaware and Illinois. As a result, there is diversity of citizenship under 28 U.S.C. § 1332(d)(2).

### B.     CAFA's Removal Requirements

14.     Under CAFA, a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. §§ 1332(d)(2) and 1453. For purposes of the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6). The class must have at least 100 members. *Id.* § 1332(d)(5)(B).

15.     To meet the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The Supreme Court confirmed in *Dart* that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." 135 S. Ct. at 554

16.     The amount in controversy exceeds $5,000,000. According to Plaintiff, the Fuel Surcharge "bears absolutely no relation to US Foods' actual increased fuel costs (or its actual fuel costs)." Compl. ¶ 2. Rather, Plaintiff alleges, "US Foods uses the 'Fuel Surcharge' simply to generate extra profit at its customers' expense." *Id.* Multiple other allegations of the Complaint challenge the entirety of US Foods' Fuel Surcharges to the class as unrelated to US Foods' actual costs of fuel. *See, e.g., id.* ¶ 13(b) (alleging as a common question whether the Fuel Surcharge is "directly related" to US Foods' "actual cost of fuel"); *id.* ¶ 13(i) (alleging as common question whether Fuel Surcharge "bears any relation" to US Foods' "actual cost of fuel"); *id.* ¶ 19 (alleging Fuel Surcharge "bears no relationship to US Foods [*sic*] fuel costs"); *id.* ¶ 21 (alleging Fuel Surcharge is "unrelated" to US Foods' "actual or increased fuel costs" and instead "contributes directly to US Foods's [*sic*] profit"); *id.* ¶ 22 (alleging US Foods' "actual cost of fuel is not a factor in the amount of the 'Fuel Surcharge'" and that Fuel Surcharge is recognized as "profit"); *id.* ¶ 28(g) (alleging Fuel Surcharges "are not designed to cover US Foods' fuel costs").

17.     Plaintiff's "Request for Judgment" seeks restitution and damages measured by the "excessive portion of the Fuel Surcharges paid by the class." Compl., at p. 10.  Because Plaintiff challenges the entirety of US Foods' Fuel Surcharge as unrelated to US Foods' fuel costs, and because Plaintiff alleges the Fuel Surcharge constitutes extra profit for US Foods, Plaintiff's allegations put at issue the entirety of US Foods' Fuel Surcharges.  *See, e.g.*, *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400-02 (9th Cir. 2010) (holding removing defendant need not "concede liability" as to amount of allegedly "unauthorized" charges but instead properly removed based on total amount of charges).

18.     According to US Foods' books and records, US Foods customers who received one or more deliveries to a California address ("California Customers") paid **$6,063,109.70** in Fuel Surcharges for those California deliveries during the period running from (a) four years before the date Plaintiff filed the Class Action Complaint (or August 31, 2013) to (b) October 5, 2017.

19.     Plaintiff defines its class to include California Customers who paid a Fuel Surcharge through "the date of class certification."  Compl. ¶ 9.  Plaintiff thus puts at issue the additional Fuel Surcharges US Foods will collect from California Customers over the course of this litigation through class certification.

20.     During the nine-month period preceding the filing of this Notice of Removal (January through September 2017), US Foods collected an average of more than $86,800 per month in Fuel Surcharges from California Customers.

21.     The U.S. Energy Information Agency predicts diesel fuel prices will continue to rise at least through June 2018.  *See* https://www.eia.gov/outlooks/steo/.

22.     Assuming US Foods continued to collect Fuel Surcharges at the same rate as it collected Fuel Surcharges over the first nine months of 2017 (a conservative assumption, given the predicted increase in diesel fuel prices), and assuming the Court granted class certification in 24 months, US Foods would collect an additional **$2,083,200** in Fuel Surcharges by the date of class certification.

23. Plaintiff, moreover, seeks injunctive relief restraining US Foods from continuing to collect the Fuel Surcharge. Compl. ¶ 32. This requested relief puts at issue the entirety of US Foods' future Fuel Surcharges to California Customers.

24. Plaintiff also seeks attorney's fees, which are recoverable under the UCL and the FAL. Compl., at 10. These amounts are included for purposes of calculating the amount in controversy under CAFA. *See, e.g., Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

25. The Ninth Circuit has established 25% of damages recovered for the class as a "benchmark award for attorneys' fees." *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003); *see also Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (applying the results of a "study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period").

26. Adding a 25% fee award to the $6,063,109.70 in Fuel Surcharges US Foods has collected yields an amount in controversy of **$7,578,887.13** ($6,063,109.70 + 25% [$1,515,777.43] = $7,578,887.13). Adding a 25% fee award to the $8,146,309.70 in total Fuel Surcharges US Foods anticipates collecting through the date of class certification ($6,063,109.70 + $2,083,200 = $8,146,309.70) yields an amount in controversy of **$10,182,887.25** ($8,146,309.70 + 25% [$2,036,577.43] = $10,182,887.25).

27. The proposed class exceeds 100 members. Plaintiff alleges the class "exceeds 60 members." Compl. ¶ 14. According to US Foods's books and records, well over 10,000 California Customers paid at least one Fuel Surcharge during the period running from (a) four years before the date Plaintiff filed the Class Action Complaint (or August 31, 2013) to (b) October 5, 2017.

28. Accordingly, because the State Court Action is a putative class action with 100 or more class members, is between citizens of different states, and places

more than $5,000,000 in controversy, removal is proper pursuant to 28 U.S.C. §§ 1332(d) and 1453.

29.  None of CAFA's discretionary or mandatory exceptions to jurisdiction apply here because, as discussed above, US Foods is a citizen of Delaware and Illinois.  See 28 U.S.C. §§1332 (d)(3)-(d)(4).

30.  By filing this Notice of Removal, Defendant does not waive and hereby expressly reserves the right to assert any defense or motion available.  US Foods disputes Plaintiff's characterization of the "Fuel Surcharge," denies the Plaintiff's allegations and claims, denies class certification is appropriate, denies liability, and denies Plaintiff's or the putative class members' entitlement to any damages.

WHEREFORE, Defendant prays that this entire action be removed from the Superior Court of the State of California, San Diego County, and that the United States District Court for the Southern District of California assume full jurisdiction over this case, as provided by law.

DATED:  October 10, 2017     Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Nancy L. Stagg*
    NANCY L. STAGG
    Attorneys for Defendant
    US Foods, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served October 10, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/   *Nancy L. Stagg*
Nancy L. Stagg